## FRUIT INDUSTRIES, LTD.
vs.
## LEON COHEN, EXTR.

Superior Court     Fairfield County     File #47163

Present:   Hon. ERNEST A. INGLIS, Judge.

Shapiro, Goldstein & Brody,    Attorneys for the Plaintiff.

Myer Dworken,              Attorney for 'the Defendant.

**MEMORANDUM FILED OCTOBER 22, 1935.**

INGLIS, J. The principle dispute between the parties in this action arises over the question as to whether the defendant shall be charged with the balances due to the plaintiff on the accounts of S. Bernstein, K. Rosenbaum and S. Schulson totaling $1,061.12, the plaintiff's claim being that defendant's decedent guaranteed to it the payment of those accounts.

Fruit Industries, Ltd., is a corporation which is the product of a merger of several constituent companies, of which Garrett & Company was one which became effective as of July

1, 1930. Prior to that time Garrett & Company and the defendant's decedent had been doing business with each other pursuant to a written contract dated March 28, 1927. By the terms of that agreement Garrett & Company was to allow defendant's decedent certain overages or commissions on wine to be sold by him for it in consideration thereof defendant's decedent guaranteed the full payment of certain accounts listed in the contract. The contract clearly referred to the accounts which were to arise in the future by reason of future shipments to be made to the debtors.

Upon the merger, Garrett & Company clearly assigned all of its assets to Fruit Industries, Ltd. The merger agreement was broad in terms to operate as a purported assignment of the said contract with the defendant's decedent if as is claimed by the plaintiff that contract and particularly the guaranty feature of it was assignable.

There is considerable law to the effect that a continuing guaranty so far as it applies to future accounts is not assignable. The reason given for that is that such a guaranty is simply an offer to guarantee the account in question which does not become a contract until the offer is accepted by the obligee creating the indebtedness, and that the benefit of a mere offer to enter into a contract made to one person may not be assigned by him to another person.

On the other hand it seems to be well settled that where a continuing guaranty is given to one company and that merges into another company the guaranty inures to the benefit of the consolidated company.

**7 Fletcher, Corporations, Sec. 4716.**

Whatever the law may be as to the assignability of a bare continuing guaranty, it is to be noted that here we are concerned with something more than a naked guaranty. The guaranty before us here is simply an integral part of a contract between Garrett & Company and Cohen. That contract has no date for its termination, it is true, and therefore could have been terminated by either party at any time. It was not terminated, however, and so long as it continued, it bound not only Cohen to guaranty the payment of the accounts listed but also Garrett & Company to allow him the agreed overages on the goods sold to those accounts. It was

in substance a contract for Cohen's employment as a sales agent for Garrett & Company. It was more than a continuing offer on the part of Cohen to guarantee the various accounts. It was a binding contract which until it was terminated bound Garrett & Company to pay to Cohen overages accruing on all of the accounts in consideration of his guaranteeing each one of them. As such it clearly could be assigned by Garrett & Company in the same manner as any other contract held by it.

Moreover after the merger Cohen continued to deal with Fruit Industries, Ltd., under that contract, knowing that it was Fruit Industries, Ltd., with which he was dealing, he accepted credits of overages accruing to him under the contract without making any claim that the contract had not been effectively assigned to Fruit Industries, Ltd. Under such circumstances, he and his estate are now estopped to claim that the assignment was not effective.

The parties are also in dispute on the question as to whether counsel fees should be added to the amount of the note which is in suit. The note provides for reasonable attorney's fees but the defendant claims that they should not be added because they were not mentioned in the claim presented to him as executor. An examination of the claim presented discloses that the plaintiff did present a claim for the face of the note plus interest but made no mention of a claim for attorney's fees. The statute of non-claim contemplates that the executor be reasonably apprised by the claim of what items the claimant wishes him to allow. From a reading of the claim it would not appear that the plaintiff had reasonably apprised the executor of its intention to ask for attorney's fees. It is, of course, no answer to this to say that Mr. Leon Cohen in his private capacity must have known that the provision was in the note. The question under the statute is as to what the notice of claim itself does or does not do to give notice to the executor. Moreover, in this case the issue so far as there was any issue on the note was so mixed up on the trial with the other issues involved that it would be impossible to make a finding as to what attorney's fees for the collection of the note would reasonably amount to.

It is found that the defendant is indebted to the plaintiff as follows:

### Debit

| | | |
|---|---:|---:|
| Note | $1,600.00 | |
| Interest on note from June 8, 1935 | 228.00 | $1,828.00 |
| | | |
| Overage charged back Rosenbaum | $ 13.34 | |
| Overage charged back Flemor | 96.65 | |
| Overage charged back Aaronson | 61.33 | |
| Guaranty Bernstein | 827.81 | |
| Guaranty Rosenbaum | 191.96 | |
| Guaranty Schulson | 341.25 | |
| Overages charged back Polohovitz | 34.50 | $1,207.21 |

### Credits

| | | |
|---|---:|---:|
| Overage earned Gorelick | $ 37.50 | |
| Overage earned Aaronson | 183.48 | |
| Overage earned Flemor | 374.63 | |
| Overage earned Bernstein | 118.90 | |
| Mdse. returned Polohovitz | 269.75 | $ 881.06 |
| | | |
| Balance | $ 386.15 | |
| Interest on balance from April 11, '35 | 30.89 | |
| | | |
| Total due on open account | | $ 417.04 |
| | | |
| Total | | $2,245.04 |

Judgment may enter for the plaintiff to recover of the defendant $2,245.04 damages and its. taxable costs.